UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JIMMY RAMIREZ | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 25-1576 |
| DEFENDANT 1 a/k/a "DURMAZ TANAYDIN," ET EL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Jimmy Ramirez's *Ex Parte* Motion for Expedited Discovery seeking leave to issue subpoenas duces tecum to the Apple App Store and two non-party cryptocurrency exchanges to obtain information necessary to identify and serve the unidentified defendants. ECF No. 8.

Having considered the record, the submissions, and the applicable law, Plaintiff's Motion for Expedited Discovery is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed suit against several unidentified defendants for theft of cryptocurrency assets via a copycat scam app downloaded from the Apple App Store. ECF No. 1 ¶¶ 18-24. After accessing Plaintiff's Bitcoin, Defendants transferred Plaintiff's stolen Bitcoin to unhosted wallets as well as hosted wallets at HitBTC and Binance to launder Plaintiff's stolen assets. *Id.* ¶¶ 25-27. Plaintiff seeks leave to conduct limited third-party discovery via subpoenas to the Apple App Store and the HitBTC and Binance exchanges to obtain information necessary to identify and serve the Defendants. ECF No. 8 at 2. Plaintiff argues that he has good cause for expedited discovery. *Id.* at 4-8.

Specifically, Plaintiff asks that he be granted leave to serve a subpoena duces tecum on:

1

(1) Binance and HitBTC to obtain Know Your Customer (KYC) and Anti-Money Laundering (AML) information to help identify the names of the Defendants and their locations, as well as account details to prevent further dissipation of the assets.[1]

(2) Apple to determine what information was submitted when the fraudulent Sparrow Multi-Sig app was uploaded to the App Store.[2]

(3) Namecheap.com, which is the domain registrar and hosting company that registered and hosted Defendants' now defunct and disabled fraudulent website Sparr0web.xyz.[3]

(4) "[O]ther third-parties discovered through investigation likely to possess account holder information,"[4] such as cell phone and mobile carriers, payment processors, fiat on/off-ramp services, and cloud storage providers.[5]

Plaintiff seeks identifying and necessary information including relevant account holders' names, addresses, phone numbers, email addresses (including any Know Your Customer and Anti-Money Laundering information), and payment information; and as it relates to cryptocurrency exchanges, account balances, ledgers, and transaction history to prevent the further dissipation of Plaintiff's assets. *Id.* at 7-8.

## II. APPLICABLE LAW AND ANALYSIS

Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits discovery from any source before the Rule 26(f) conference except when authorized by, among other things, a court order. Expedited discovery is not the norm.[6] Indeed, expedited discovery is highly disfavored, and "[a]bsent an affirmative showing of good cause, the party seeking discovery in advance of a Rule

---

[1] *Id.* at 3.
[2] *Id.*
[3] *Id.* at 3-4.
[4] *Id.* at 7.
[5] *Id.* at 4.
[6] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000).

26(f) conference will be unable to overcome the procedural requirements necessary to circumvent the standard discovery timeline."[7]  Caution must be exercised with *ex parte* expedited discovery requests.[8]

While neither the Federal Rules nor the Fifth Circuit have specified the standard for determining whether to exercise its authority to order expedited discovery, district courts generally use either the preliminary injunction-style analysis known as the *Notaro* test[9] or the "good cause" standard (also known as the "reasonableness" standard).[10]  Most courts, including those in this district, follow the good cause standard.[11]

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[12]  Thus, when faced with irreparable harm that can be addressed by limited, expedited discovery or when failing to grant expedited discovery would substantially impact progress of the case, courts have authorized expedited discovery.[13]  Courts consider several factors in determining whether "good cause" exists: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply

---

[7] *Bryan v. Walmart, Inc.*, No. 23-7116, 2023 WL 8890341, at *3 (E.D. La. Dec. 26, 2023) (Ashe, J.) (quoting *United States ex rel. Branch Consultants, L.C.C. v. Allstate Ins. Co.*, No. 06-4091, 2007 WL 9780392, at *2 (E.D. La. July 27, 2007)).
[8] *See, e.g.*, *Mick Haig Prods., e.K. v. Does 1-670*, No. 10-1900, 2011 WL 5104095, at *1 (N.D. Tex. Sept. 9, 2011) (citing cases involving *ex parte* requests for expedited discovery for identity of John Does based on allegations that turn out to be false).
[9] In *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), the court articulated a test that requires the movant to demonstrate: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury a party will suffer if the expedited relief is granted. *Wuluvarana v. Does 1-3*, No. 22-982, 2023 WL 183874, at *1 (E.D. Wis. Jan. 13, 2023) (citations omitted).
[10] *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 & n.3 (S.D. Tex. 2011) (citing *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982); *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009); MOORE'S FEDERAL PRACTICE § 26.121; *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 n.4 (C.D. Cal. 2009); *Dimension Data N. Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 531-32 (E.D.N.C. 2005)).
[11] *St. Louis Grp., Inc.*, 275 F.R.D. at 240 (collecting cases).
[12] *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).
[13] *St. Louis Grp., Inc.*, 275 F.R.D at 240-41 (citations omitted).

with the requests; and (5) how far in advance of the typical discovery process the request was made.[14] Courts also consider (6) whether plaintiff makes a prima facie showing of harm; (7) the specificity of the discovery request; (8) the absence of alternative means to obtain the subpoenaed information; (9) the necessity of the subpoenaed information to advance the claim; and (10) the user's expectation of privacy.[15]

Courts deny expedited discovery requests when the movant fails to establish good cause.[16]

Courts have found good cause for expedited discovery when same is sought to ascertain the identity of a John Doe defendant.[17] To determine whether a plaintiff has established good cause to seek the identity of a Doe defendant through expedited discovery, courts have established a four-part test, asking whether the plaintiff has (1) identified the Doe defendant with sufficient specificity to enable the court to determine that the defendant is a real person who can be sued in federal court, (2) recounted the steps taken to locate and identify the defendant, (3) demonstrated that the action can withstand a motion to dismiss, and (4) proven that the discovery is likely to lead to identifying information that will permit service of process.[18] When it is clear that discovery

---

[14] *Id.* at 239 n.4 (citations omitted); *Doe I v. Marine-Lombard*, No. 16-14876, 2016 WL 6658965, at *2 (E.D. La. Nov. 10, 2016) (quoting *BKGTH Prods., LLC v. Does 1-20*, No. 13-5310, 2013 WL 5507297, at *4 (E.D. La. Sept. 30, 2013)).
[15] *Turner Indus. Grp., LLC v. Int'l Union of Operating Eng'rs, Local 450*, No. 13-456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013) (quoting *Combat Zone Corp. v. John/Jane Does 1–2*, No. 12–509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012)).
[16] *See Magnolia Fleet, LLC v. Grey*, No. 18-8363, 2018 WL 5619995, at *2-4 (E.D. La. Oct. 30, 2018) (applying good cause standard to deny expedited discovery); *Firestone v. McCarthy Holthus & Ackerman, LLP*, No. 12-286, 2012 WL 12887677, at *2 (W.D. Tex. May 24, 2012); *Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 596-97 (S.D. Tex. 2011); *see also Northstar Offshore Ventures, LLC v. Tana Expl. Co.*, No. 18-2025, 2018 WL 3970616, at *9 (N.D. Tex. Aug. 20, 2018) (vacating state court order granting expedited discovery when good cause did not exist after removal).
[17] *See Wuluvarana*, 2023 WL 183874, at *4 (citing and quoting *Jacobo v. Doe*, No. 22-672, 2022 WL 2079766 (E.D. Cal. June 9, 2022)); *First Time Videos, LLC v. Doe*, No. 12-621, 2012 WL 1355725, at *4 (E.D. Cal. Apr. 18, 2012); *UMG Recordings, Inc. v. Doe*, No. 08-3999, 2008 WL 4104207, at *1 (N.D. Cal. Sept. 4, 2008); *Arista Recs. LLC v. Does 1-43*, No. 07-2357, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007).
[18] *ZG TOP Tech. Co. v. Doe*, No. 19-92, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019) (citing *Bodyguard Prods., Inc. v. Doe 1*, 17-1647, 2018 WL 1470873, at *1 (W.D. Wash. Mar. 26, 2018) (citing *Columbia Ins. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999))).

would not uncover the identities or that the complaint would be dismissed on other grounds, expedited discovery should not be allowed.[19]

Courts regularly authorize expedited discovery requests in similar cryptocurrency theft cases, allowing plaintiffs to conduct expedited discovery to ascertain identifying information (excluding social security numbers) with respect to the John Doe defendants, but not allowing discovery beyond obtaining identifying information on the bases that substantive discovery is not narrowly tailored to support the need for expedited discovery.[20]  Indeed, this Court did so recently in another case.[21]

Although Plaintiff has not addressed the merits necessary to establish that the action can withstand a motion to dismiss, the detailed factual assertions of fraud, theft and conversion are sufficient to establish that the case would likely survive Rule 12(b)(6).  Less clear, however, is whether Plaintiff has proven that the discovery is likely to lead to identifying information that will permit service of process.  Further problematic is the lack of evidence establishing that any owner of the unhosted wallets is a holder of the accounts to which Plaintiff's cryptocurrency was transferred rather than some other unknown victim of the Defendants.

---

[19] *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)).

[20] *See Cohn v. Popescu*, No. 24-337, 2024 WL 4525511, at *4-5 (E.D. Tex. Aug. 16, 2024) (authorizing expedited discovery); *Strivelli v. Doe*, No. 22-2060, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022) (authorizing expedited discovery from cryptocurrency exchanges in crypto case and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"); *Licht v. Ling*, No. 23-1018, 2023 WL 4504585, at *4 (N.D. Tex. June 20, 2023) (allowing expedited discovery in crypto-fraud case); *Wuluvarana*, 2023 WL 183874, at *4 (authorizing expedited discovery of identifying information but not of defendants' transaction history and logs and a third party's internal documents and correspondence); *Jacobo*, 2022 WL 2079766, at *3-4 (authorizing expedited discovery of account holder information but not transaction history and communications of the defendant); *ZG TOP Tech. Co.*, 2019 WL 917418, at *2 (authorizing expedited discovery of identifying information); *Lee v. Does #1-3*, No. 23-2008, 2024 WL 472375, at *2 (W.D. Wash. Jan. 10, 2024) (authorizing expedited discovery of only identifying information).

[21] *See Chow v. Defendant 1 a/k/a Kai Xuan Wang*, Civ. No. 24-480 (E.D. La. Nov. 4, 2024); *see also Yogaratnam v. Doe*,  No. 24-393, 2024 WL 4838925, at *1 (E.D. La. Nov. 20, 2024) (Brown, C.J.).

Plaintiff certainly has an interest in asserting his rights and obtaining remedies for his alleged losses suffered from Defendants' purported fraudulent cryptocurrency scheme. At the same time, exchange account holders have a privacy interest in their personal information, and potentially innocent persons have an interest in avoiding the time and expense required to defend against a "false positive" identification.[22] Even though the account holders may not be personally responsible for the alleged misappropriation of funds, they might possess information that assists Plaintiff in identifying the persons responsible, and thus, their identities are discoverable under the broad scope of Rule 26.[23]

To balance these competing concerns, courts have implemented protocols to safeguard the privacy rights of potentially innocent third parties.[24] This Court will implement similar protocols to reduce the potential prejudice to any potentially innocent third parties, including an order specifying that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing his rights as set forth in the operative complaint in this matter.

Plaintiff has established good cause for certain expedited discovery from Binance and HitBTC as well as Apple and Namecheap.com. Such discovery will be restricted, and Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing his rights as set forth in the operative complaint in this matter. Likewise, Plaintiff has established good cause to serve discovery to Apple to obtain any identifying information

---

[22] *See Mizrahi v. Anna*, No. 23-2462, 2023 WL 7273725, at *5 (D.N.J. Nov. 3, 2023).
[23] *Tyson v. Coinbase Glob., Inc.*, No. 23-22066, 2024 WL 69929, at *3 (D.N.J. Jan. 4, 2024) (citing *Strivelli*, 2022 WL 1082638, at *2-3; *Wuluvarana*, 2023 WL 183874, at *4; *Jacobo*, 2022 WL 2079766, at *4; *ZG TOP Tech. Co.*, 2019 WL 917418, at *2).
[24] *See Perrong v. Caller Identified as Connor*, No. 22-4479, 2023 WL 113957, at *4 (D.N.J. Jan. 4, 2023) (citing *Strike 3 Holdings, LLC v. Doe*, No. 21-17860, 2021 WL 5173473, at *3 (D.N.J. Oct. 29, 2021) (imposing similar conditions when granting leave to serve a third-party subpoena upon an internet service provider to identify an IP address subscriber)).

collected from Defendant "1" related to the fraudulent Sparrow Multi-Sig application hosted by the Apple App Store as well as to obtain identifying information from Namecheap.com regarding the domain registrar that hosts Defendants' fraudulent website.

Plaintiff has not, however, established a need for expedited discovery from Binance and HitBTC with regard to the requested other items (i.e., account balances and transaction history) or from Apple and Namecheap.com with regard to financial information. These items do not relate to obtaining necessary information for service but appear to relate to the affirmative relief sought through this lawsuit and go beyond the underlying basis justifying the need for expedited discovery. And while Plaintiff has an important interest in seeking to prevent Defendants from transferring the money to an unreachable account, the prejudice of disclosing account balance, transfer, and transaction information is far greater than the identifying information. Discovery of that information can await discovery following service.

Similarly, Plaintiff has not established good cause to open discovery as to any unidentified third party for unspecified information. Once Plaintiff identifies third parties whom investigation indicates likely possess account holder information, Plaintiff may at that time file a motion for leave to seek expedited discovery and establish good cause to proceed with discovery from the then-identified third parties for specified identifying information.

### III. CONCLUSION

Although there is no certainty that the discovery sought will lead to the necessary identifying information, given the need for same to advance the progress of this case by identifying and serving the defendants, the absence of alternative means to obtain the subpoenaed identifying information and the interests of the administration of justice, the Court finds that Plaintiff has established good cause for expedited discovery to obtain identifying information for the holder of

the accounts to which his assets have been traced. Upon service of a Rule 45 subpoena to Binance and HitBTC, either the account holder or exchange will have the opportunity to raise objections through a motion to quash, including the opportunity to demonstrate that the prejudice to them outweighs Plaintiff's need for the information sought. Likewise, Plaintiff has established good cause to obtain identifying information from Apple and Namecheap.com. Plaintiff has not, however, established good cause to obtain discovery relating to the affirmative relief sought. Nor has Plaintiff established good cause to conduct unspecified discovery against not yet identified third parties. Plaintiff may seek leave for expedited discovery against other third parties once they are identified and Plaintiff specifies the information sought.

This measured approach allows Plaintiff to obtain enough information to identify the Defendants and serve process but reserves other discovery until after a Rule 26(f) conference as required under Rule 26(d)(1). Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Expedited Discovery is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff may serve a Rule 45 subpoena issued to Binance and HitBTC that is limited to requesting only the name, address, telephone number, and e-mail address associated with the specified account(s) and:

(a)   No other disclosure may be requested.

(b)   Plaintiff shall attach a copy of this Order to the subpoena. Binance and HitBTC shall have thirty days from the service of the subpoena to object to or move to quash the subpoena.

(c) Binance and HitBTC must give notice to the customer(s) to afford them an opportunity to challenge the subpoena. The customer(s) shall likewise have thirty days from service of the subpoena to object to or move to quash the subpoena.

(d) Binance and HitBTC shall not respond to any subpoena served in this case until the later of the expiration of the thirty-day periods set forth above or the resolution of a motion to quash or for a protective order.

IT IS FURTHER ORDERED that Plaintiff may serve a Rule 45 subpoena issued to Apple for identifying information collected from Defendant "1" related to the fraudulent Sparrow Multi-Sig application hosted by the Apple App Store.

IT IS FURTHER ORDERED that Plaintiff may serve a Rule 45 subpoena issued to Namecheap.com for identifying information regarding the domain registrar that hosts Defendants' fraudulent website.

IT IS FURTHER ORDERED that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena for the purpose of protecting and enforcing his rights as set forth in the operative complaint in this matter.

IT IS FURTHER ORDERED that Plaintiff shall forward copies of the responsive information to any Defendant who enters an appearance in this case.

New Orleans, Louisiana, this __12th__ day of August, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE