UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JIMMY RAMIREZ | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1576 |
| DEFENDANT 1 a/k/a "DURMAZ TANAYDIN," ET AL. | * | SECTION "T" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Jimmy Ramirez's *Ex Parte* Motion to Enlarge the scope of the Court's August 13, 2025, Order Authorizing Expedited Discovery. ECF No. 35; *see* ECF No. 14 (August 13, 2025, Order).[1]

This case concerns cryptocurrency theft allegedly orchestrated by unidentified defendants through a copycat scam app (Sparrow Multi-Sig) that Plaintiff downloaded from the Apple App Store; after accessing Plaintiff's Bitcoin, Defendants transferred Plaintiff's stolen Bitcoin to unhosted and hosted wallets and non-custodial swap services to launder Plaintiff's stolen assets. ECF No. 43 ¶¶ 9-11, 20-31.

On August 13, 2025, this Court authorized third-party expedited discovery on, among others, Apple to "obtain identifying information" pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure so that Plaintiff may effect proper service of process after having found he established good cause for the exceptional request, specifically to identify Defendant "1" (known as Durmaz Tanaydin), the alleged app developer of Sparrow Multi-Sig. ECF No. 14 at 6-8; *see* ECF No. 8 (Plaintiff's motion). This decision to allow "expedited discovery to ascertain identifying information (excluding social security numbers) with respect to the John Doe

---

[1] Judge Guidry referred this motion to the Court for determination pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 45.

1

defendants, but not . . . discovery beyond obtaining identifying information on the bases that substantive discovery is not narrowly tailored to support the need for expedited discovery" is consistent with other courts that have addressed virtually identical discovery requests in cases concerning this new phenomenon.  ECF No. 14 at 5.[2]  In response to Plaintiff's subpoena, Apple produced a name, physical and email address, and phone number for Tanaydin.  ECF No. 35 ¶¶ 1-2, 7.

Plaintiff now seeks to enlarge the scope of the Court's August 13, 2025, Order to authorize issuance of a subpoena to Apple for the name of the third-party vendor that collects government issued identification from Apple App Store developers and issuance of a subpoena to that vendor for Tanaydin's "government issued identification."  *Id.* ¶¶ 4-8; ECF No. 35-1.  He contends there is good cause for this enlargement because the information is needed to verify the information already produced by Apple.  ECF No. 35 ¶ 7.  He states that Apple's vendor collects the government issued identification from app developers, processes the information, and stores it.  *Id.* ¶¶ 3-4. Apple requires this information from developers per its App Store policies, which Plaintiff cites. *Id.* ¶ 3 (citing  https://developer.apple.com/help/account/membership/identity-verification/).

While Plaintiff describes the information collected as government issued "identification" generally and fails to specify precisely what information he seeks, Apple's policy describes the information as the developer's "government identification *number*," i.e., social security number.

---

[2] *See Cohn v. Popescu*, No. 24-337, 2024 WL 4525511, at *4-5 (E.D. Tex. Aug. 16, 2024) (authorizing expedited discovery); *Strivelli v. Doe*, No. 22-2060, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022) (authorizing expedited discovery from cryptocurrency exchanges in crypto case and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"); *Licht v. Ling*, No. 23-1018, 2023 WL 4504585, at *4 (N.D. Tex. June 20, 2023) (allowing expedited discovery in crypto-fraud case); *Wuluvarana*, 2023 WL 183874, at *4 (authorizing expedited discovery of identifying information but not of defendants' transaction history and logs and a third party's internal documents and correspondence); *Jacobo*, 2022 WL 2079766, at *3-4 (authorizing expedited discovery of account holder information but not transaction history and communications of the defendant); *ZG TOP Tech. Co.*, 2019 WL 917418, at *2 (authorizing expedited discovery of identifying information); *Lee v. Does #1-3*, No. 23-2008, 2024 WL 472375, at *2 (W.D. Wash. Jan. 10, 2024) (authorizing expedited discovery of only identifying information).

The decisions allowing expedited discovery in cryptocurrency theft cases limit discovery to identifying information (name, physical and email address, and telephone number) so that the plaintiff may ascertain whom to serve process; social security numbers were not shown to be necessary to achieve that purpose.[3]  Rather, requests for expedited discovery of social security numbers are generally considered overbroad,[4] as recognized by this Court's August 13, 2025, Order.  *See* ECF No. 14 at 5.

Plaintiff has provided no explanation as to why the Apple-produced identifying information is insufficient nor why a social security number is necessary to serve the identified person with process.  And it does not appear that a social security number is necessary, as Plaintiff only seeks the information to "verify" what Apple produced.  ECF No. 35 ¶ 7.  In other words, there is no good cause for the enlargement Plaintiff seeks.  The requests are improper as the second seeks Tanaydin's social security number and the first seeks the vendor's identity only to allow Plaintiff to then carry out the second request.  *See* ECF No. 35 ¶¶ 6, 8; No. 35-1.

Accordingly, for these reasons,

IT IS ORDERED that Plaintiff's Motion to Enlarge the scope of the Court's August 13, 2025, Order Authorizing Expedited Discovery (ECF No. 35) is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this \_\_\_16th\_\_\_ day of April, 2026.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Jacobo v. Doe*, No. 22-672, 2022 WL 2079766, at *3-4 (E.D. Cal. June 9, 2022); *Wuluvarana v. Does 1-3*, No. 22-982, 2023 WL 183874, at *4-5 (E.D. Wis. Jan. 13, 2023); *Tyson v. Coinbase Glob., Inc.*, No. 23-22066, 2024 WL 69929, at *3-4 (D.N.J. Jan. 4, 2024).
[4] *Tyson*, 2024 WL 69929, at *3-4 (citing *Jacobo*, 2022 WL 2079766, at *4; *Wuluvarana*, 2023 WL 183874, at *4).